IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50733

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) Filed: July 27, 2023 |
| | ) ) Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT |
| Petitioner-Respondent, | ) BE CITED AS AUTHORITY ) |
| v. | ) ) |
| JANE DOE (2023-17), | ) ) |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Jane Doe (2023-17) appeals from a judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child involved in this action. The child was born in 2021. Following the removal of the child's two older siblings due to Doe's significant history of untreated substance abuse, the child was removed from Doe's care a day after his birth because Doe was incarcerated at the time. The Idaho Department of Health and Welfare was awarded legal

1

custody of the child. The child was subsequently placed into the care of his maternal grandfather, and the magistrate court approved a case plan for Doe.

Thereafter, the magistrate court held periodic review hearings to monitor Doe's progress on her case plan. Doe was temporarily released from incarceration in 2022 but failed to make meaningful progress on her case plan during this period of release. Ultimately, Doe's probation in her criminal case was revoked, but the court retained jurisdiction. The Department subsequently filed a petition to terminate Doe's parental rights. After finding by clear and convincing evidence that Doe neglected the child and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's finding that termination of her parental rights is in the child's best interests. The Department responds

---

[1]     The magistrate court also terminated father's parental rights. However, that decision is not at issue in this appeal.

that substantial and competent evidence supports the magistrate court's termination decision.  We affirm the termination of Doe's parental rights.

## A.    Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2).  Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.  *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.  Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time.  Each statutory ground is an independent basis for termination.  *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because she neglected the child.  Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31).  Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.  Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and

reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, by clear and convincing evidence, that Doe neglected the child. The child was in foster care for sixteen of the past twenty-two months and reunification had not been accomplished by the last day of the fifteenth month. Doe also failed to comply with her court-ordered case plan. Specifically, Doe failed to complete substance abuse treatment, did not participate in all requested drug testing, did not secure safe and stable housing, did not obtain employment, and failed to attend the child's medical appointments when Doe was out of custody. The magistrate court acknowledged Doe's incarceration but determined that, in the six months prior to her incarceration, she made no meaningful progress on her case plan. The magistrate court further found that Doe's decisions were the primary cause of her incarceration, resulting in her unavailability to comply with her case plan. Doe's overall instability prevented her "from being able to consistently meet [the child's] basic needs."

On appeal, Doe has not challenged these findings and, thus, we will not presume they are erroneous. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe neglected the child under I.C. § 16-1602(31)(a).

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

As noted, the magistrate court determined that terminating Doe's parental rights is in the child's best interests. Doe had at least one open child protection case since October 2020. Since then, Doe failed to work two separate court-ordered case plans and had her parental rights to the child's two older siblings terminated. The magistrate court found that, in the previous thirty months, "little has changed in [Doe's] life circumstances." The magistrate court stated that Doe had been unable to conquer her battle with addiction, "resulting in multiple incarcerations and general instability in all spheres of [her life]." While the magistrate court recognized Doe's expressed desire to achieve sobriety, it found no indication that her actions would match her words in the foreseeable future. Further, the magistrate court found that the child was "thriving in his home, showing a healthy attachment to his grandfather and a strong bond with his siblings." The magistrate court ultimately held that termination of Doe's parental rights and subsequent adoption by the grandfather would "promote continuity, stability and consistency for [the child]" and would "afford [the child] the opportunity to be raised in a home that meets his basic needs."

On appeal, Doe challenges the magistrate court's basis for finding that termination of her parental rights is in the best interests of the child. Specifically, Doe alleges that the magistrate court abused its discretion when it failed to consider the progress she made while on her rider in her criminal case. Doe argues that the magistrate court lacked substantial and competent evidence to conclude by clear and convincing evidence that it is in the child's best interests to terminate Doe's parental rights.

Doe's argument on appeal seeks to have this Court reweigh the evidence presented at trial. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65 (noting review is whether substantial and competent evidence supports decision). This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). The magistrate court's findings of facts are supported by substantial and competent evidence and supports its holding, by clear and convincing evidence, that it is in the best interests of the child for Doe's parental rights to be terminated. As such, Doe has failed to show that the magistrate court erred in finding that terminating her parental rights is in the child's best interests.

5

## IV.

## CONCLUSION

Substantial, competent evidence supports the magistrate court's determination that Doe neglected the child and that termination of Doe's parental rights is in the best interests of the child. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.